UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TED R. BASSETT,<br><br>Petitioner,<br><br>v.<br><br>C. JOHNSON, et al.,<br><br>Respondents. | Case No. 2:21-cv-00697-RFB-BNW<br><br>ORDER |

Ted R. Bassett has submitted a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1). He has now paid the filing fee (*see* ECF No. 4). The court has reviewed the petition pursuant to Habeas Rule 4, and the petition is dismissed for failure to state a claim cognizable in federal habeas corpus.

Bassett indicates that he is serving several sentences of life with the possibility of parole. He asserts that he was granted parole in April 2014, but the state district attorney placed a "hold" request to bar his release due to a new felony. While Bassett asks this court to reinstate his parole, he appears to argue mainly that the parole board failed to follow mandatory guidelines and time requirements. Such a claim is a state-law matter. In *Anselmo v. Bisbee*, 396 P.3d 848 (Nev. 2017), the Nevada Supreme Court recognized that eligible Nevada inmates do have a state *statutory* right to have the parole board's

internal guidelines concerning aggravating factors interpreted correctly when the parole board is determining whether to grant or deny them parole. *Id.* at 849-51. However, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process").

Further, if Bassett's claim is that the parole board violated his due process rights in the manner that his parole was rescinded and that he should receive a new parole hearing, such claims are noncognizable in habeas corpus because success on such claims would not necessarily lead to speedier release. *See Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016).

Accordingly, the petition is dismissed for failure to state claims cognizable in habeas corpus.

**IT IS THEREFORE ORDERED** that the Clerk detach and file the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** for failure to state claims for which relief may be granted.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

DATED: 21 June 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE